IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Sallis, | C/A No. 7:14-1232-GRA-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Judge Tommy Edwards;<br>Judge Gerald C. Smoak, Jr., | |
| Defendants. | |

Derrick Sallis ("Plaintiff"), proceeding pro se, apparently brings this civil action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## Background

Although the Complaint is difficult to decipher, Plaintiff is complaining about a state family court case No. 2007-DR-42-0136[1] involving his mother, Cecile Sallis who is considered to be a vulnerable adult, his sister, and the South Carolina Department of Social Services. Complaint [Doc. 1]; Attach. [Doc. 7-2.] He seems to allege that his mother, Cecile Sallis, has been abused by his sister, and the family court held hearings to determine who should have custody of her. [Doc. 1 at ; Doc. 7-2.] He alleges that during a hearing on February 20, 2007, Judge Tommy Edwards ("Edwards") presided, and after Plaintiff spoke raising issues related to the Uniform Commercial Code and common law, Edwards stated that he could not rule on the case and departed. [Doc. 1 at 3.] Plaintiff alleges that on May 3, 2007, Judge Gerald C. Smoak, Jr. ("Smoak") presided over the

---

[1] This Court cannot determine whether this state family court case is pending or closed.

same case in the family court. [*Id.*] Plaintiff alleges that neither Edwards nor Smoak had subject matter jurisdiction over the case, and he seems to raise many errors related to their handling of the case. [*Id.*] He seems to allege that Defendants erred by granting custody of Cecile Sallis to the wrong person or entity, and they lacked knowledge of the legal codes and rules of procedure. [*Id.* at 3–4.] It appears that Plaintiff requests this Court to revoke or vacate the family court rulings in Case No. 2007-DR-42-0136, and he requests this Court to review the transcript in that case in order to obtain a fair hearing. [Doc. 1 at 6; Doc. 7 at 1.]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may

not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff may be attempting to raise a claim that Defendants violated his due process rights. If Plaintiff seeks damages, Edwards and Smoak have immunity from suit. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles*

*v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages).  Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity.  *Mireles*, 502 U.S. at 12.  Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority.  *Id.* at 12-13.  Immunity presents a threshold question.  *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).  Absolute immunity is "an immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Here, Defendants are alleged to be judges and all of their alleged misconduct occurred during the judicial proceedings in the family court case and related to alleged errors in their rulings.  Thus, because Plaintiff sues Defendants because of their judicial actions, this suit should be dismissed based on immunity.

Moreover, because Plaintiff seeks to vacate the family court rulings or judgment, this action should be dismissed based on abstention.  Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions.  *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from

seeking what in substance would be appellate review of state judgment, and the doctrine applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions). Here, Plaintiff appears to allege the judicial proceedings in the state family court violated his due process rights, and that court lacked jurisdiction and applied incorrect law. It appears that the crux of Plaintiff's case is an attempt to vacate the state court decisions entered prior to this case. *See In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments). Therefore, this action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[2]

If the family court case is still ongoing, this action should be dismissed based on *Younger* abstention. In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has indicated that *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 351 (4th Cir. 2005). The area of family relations (i.e., custody of allegedly abused children, foster care system, access to adoption, child abuse proceedings) is a core source of state authority, and thus is an "important" state interest. *Id.* From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled

---

[2] This Court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). This Court finds that if the family court case concerning Cecile Sallis is pending, Plaintiff should be able to raise his claims of judicial error and due process violations in that proceeding; thus, the instant action should be dismissed pursuant to the *Younger* abstention doctrine.

## Recommendation

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

Jacquelyn D. Austin
United States Magistrate Judge

April 30, 2014
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).