UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Derrick Sallis, )<br>  )<br>          Plaintiff, )<br>  )<br>v. )<br>  )<br>Judge Tommy Edwards; )<br>Judge Gerald C. Smoak, Jr. )<br>  )<br>          Defendants. )<br>_____ ) | C/A No.: 7:14-cv-01232-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on April 30, 2014.  ECF No. 19.  For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety.

## **Background**

Plaintiff Derrick Sallis, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.[1]  ECF Nos. 1, 2, & 13.  Under established procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* complaint and now recommends that this Court dismiss Plaintiff's case against Defendants without prejudice and without issuance and service of process.  ECF No. 19.  Plaintiff timely filed objections to the magistrate judge's Report and Recommendation on May 16, 2014.  ECF No. 22.

---

[1] Plaintiff's complaint does not specifically invoke a civil rights claim; however, Plaintiff's argument seems to contend that Defendants violated his due process rights.  *See* ECF No. 1.

Page 1 of 9

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In this case, May 19, 2014 was the deadline for filing objections. Plaintiff filed timely objections to the Report and Recommendation on May 16, 2014. ECF No. 22.

## Discussion

Having reviewed Plaintiff's objections, this Court finds that many of the objections are unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, and merely restate his claims. However, this Court will address the objections that it finds to be specific and pertinent to the Report and Recommendation. Liberally construed, Plaintiff's objections appear to be as follows:

(1) that the magistrate judge's Report and Recommendation failed to apply certain aspects of international law in determining whether Defendants properly exercised subject matter jurisdiction over his mother's family court custody hearing; (2) that the magistrate judge's Report and Recommendation failed to apply portions of the Uniform Commercial Code in determining whether Defendants properly exercised subject matter jurisdiction over his mother's family court custody hearing; (3) that the *Rooker-Feldman* doctrine only applies to this case if the South Carolina family court received prior permission from this Court, the United States Department of State, and the United States Congress before exercising subject matter jurisdiction over Plaintiff's mother's case; (4) that this case presents a narrow exception to the *Younger* abstention doctrine; and (5) that Judge Gerald G. Smoak, Jr. waived immunity from suit when he exercised subject matter jurisdiction over Plaintiff's mother's case. *Id.*

## I.     Application of International Law

In his objections, Plaintiff asserts that various statutes pertaining to international law govern whether Defendants properly exercised subject matter jurisdiction over his mother's case. *Id.* Most notably, Plaintiff appears to argue that Congress has replaced all domestic statutory law with international law provisions; thus, he suggests that before a South Carolina court can exercise subject matter jurisdiction over a case, it must first satisfy jurisdictional requirements under international code. *See id.* at 2. In support of his argument, Plaintiff quotes from a multilateral international treaty outlining the rights and duties between various countries in North and South America. *Id.*; *see also* Convention between the United

States of America and other American Republics on Rights and Duties of States, Dec. 26, 1933, 49 Stat. 3097 (hereinafter "American Convention").  Presumably, Plaintiff argues that, because South Carolina courts exercised jurisdiction over his mother's case without establishing subject matter jurisdiction under international law, this Court is free to intervene in the state court's proceedings.

This Court finds that Plaintiff's argument is without merit.  First, the language that Plaintiff quotes is not found in the treaty.  *Compare* ECF No. 22 at 2 *with* American Convention, Dec. 26, 1933, 49 Stat. 3097.  Second, the terms of the American Convention do not address subject matter jurisdiction in domestic relations cases.  *See id.*  As such, the terms of the American Convention have no bearing on the Plaintiff's instant jurisdictional argument.  Accordingly, this Court overrules Plaintiff's objection that international law supersedes domestic law when determining subject matter jurisdiction in domestic relations cases.

**II.     Application of the Uniform Commercial Code**

Plaintiff objects to the magistrate judge's failure to consider several provisions of the Uniform Commercial Code ("UCC") in her Report and Recommendation.  ECF No. 22.  Plaintiff states that he entered into a contract with Judge Edwards during an early family court hearing, and that this contract placed the subject matter of his mother's case outside of the family court's jurisdictional authority.  *See id.* at 2.  In support, Plaintiff cites section 3-312 of the Uniform Commercial Code.[2]  *Id.*

Here again, Plaintiff's argument is not legally sustainable.  As its title implies, the UCC governs commercial transactions.  *See* U.C.C. § 1-103 (describing the

---

[2] It is worth noting that section 3-312 of the UCC relates to lost negotiable instruments, not offer and acceptance of a contract as Plaintiff seems to imply.  U.C.C. § 3-312 (2002); *see* ECF No. 22.

purposes of the UCC); *see also* S.C. Code Ann. § 36-1-103 (state codification of UCC purposes and principles). The UCC is not a source of substantive rights in matters of due process, nor does it address state subject matter jurisdiction in domestic relations. Therefore, the UCC does not apply to Plaintiff's arguments.

### III.    The *Rooker-Feldman* and *Younger* Abstention Doctrines

Plaintiff also objects to the magistrate judge's interpretation of the *Rooker-Feldman* and *Younger* abstention doctrines. ECF No. 22. In his argument as to the former, Plaintiff contends that Rule 402 of the Federal Rules of Evidence makes the doctrine inapplicable unless Defendants received prior permission from this Court, the Department of State, and the United States Congress before exercising subject matter jurisdiction over his mother's case. *See id.* at 3. As to the latter, Plaintiff argues that this case falls under the doctrine's "most narrow and of extraordinary circumstances" exception. *Id.* at 3–4. Both of these arguments are misplaced.

First, in his arguments regarding the *Rooker-Feldman* doctrine, Plaintiff quotes language that is not found in the cited source material. *Compare* ECF No. 22 at 3 (stating that a United States district court must grant permission for suits to proceed against a corporate citizen) *with* 28 U.S.C. § 1330 (discussing federal court jurisdiction in actions against foreign states). Ultimately, however, it appears that Plaintiff has misinterpreted the role of the lower federal courts in examining state court decisions. Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Although there are some limitations to this doctrine, its application is not tied to prior jurisdictional approval from a federal

district court, the Department of State, or Congress. *See generally Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718-19 (4th Cir. 2006) (discussing general application of the *Rooker-Feldman* doctrine and how the doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

Second, as to Plaintiff's *Younger* doctrine objection, this Court finds Plaintiff's argument to be equally unavailing. The *Younger* doctrine, "which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979) (citation omitted). As such, federal courts should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstance." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). These circumstances generally arise when a federal district court finds that a state judicial proceeding is "motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). Here it seems Plaintiff's only argument in favor of this exception is that the state family court lacked subject matter jurisdiction over his mother's hearing. There is no indication that the South Carolina court acted in bad faith or with an intent to harass Plaintiff. Accordingly, this Court finds the magistrate's Report and Recommendation accurately summarized and applied the *Rooker-Feldman* and *Younger* doctrines, and Plaintiff's objections are overruled.

## IV.     Judicial Immunity

Finally, Plaintiff raises objections related to the magistrate judge's findings regarding Defendants' immunity from suit. ECF No. 22. In his objections, Plaintiff

asserts that Judge Smoak waived his right to immunity by presiding over a hearing without subject matter jurisdiction. *See id.* at 2–3. Plaintiff's argument relies heavily on international law and the UCC. *See id.*

As the magistrate judge's Report and Recommendation correctly points out, judges enjoy absolute immunity from suits arising out of their judicial actions unless they act in the complete absence of all jurisdiction. ECF No. 19 at 3–4; *see, e.g., Mireles v. Waco*, 502 U.S. 9 (1991). To that point, it has long been recognized that matters involving domestic relations are predominately of state court concern. *Akenbrandt v. Richards*, 504 U.S. 689, 694–95 (1992). Indeed, the United States Supreme Court recognizes a special limit on federal subject matter jurisdiction in this area of law. *Id.* Thus, having addressed Plaintiff's arguments regarding the state court's jurisdictional limitations above, this Court finds no basis for Plaintiff's claim that Judge Edwards and Judge Smoak presided over his mother's hearing in the complete absence of all jurisdiction. Additionally, because the alleged misconduct occurred during judicial proceedings in family court and Plaintiff's complaints relate to alleged errors in Defendants' family court rulings, this Court finds that the magistrate judge correctly concluded that Defendants are judicially immune. Therefore, Plaintiff's immunity objections are overruled.

## Conclusion

After a thorough review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that the claims against Judges Tommy Edwards and Gerald C. Smoak, Jr. are dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  9 , 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.